## WINSHIP *v.* CONNER.

No person can have a judgment for costs unless he is a party to the suit or proceeding in court, nor can a judgment be rendered against him for costs unless he is such party.

Persons who have no privity of interest with the original parties to the suit, or where they are not parties to the contest between the plaintiff and the defendant any farther than to protect the interests of third persons, can not become parties to the record so as to have judgment rendered against them for costs, or so as to entitle them to any judgment for their costs in their own name.

The claimant had been allowed to appear and defend in order to protect her own rights against any judgment that might otherwise be rendered against the defendant, and had filed the usual bond, and entered her name on the docket.  She proved that the defendant was dead before suit brought, and the action was thereupon dismissed. She is not entitled to any costs against the plaintiff.

THE facts in this case are stated in the case that was transferred at the February term, 1861, and the accompanying report, upon which the court, at its law term, June, 1861, ordered that the action be dismissed, which entry was made at the trial term in August, 1861.    The prior decision is reported in 42 N. H. 341.

Sarah H. Marsh, the person who was allowed to appear and defend in this suit upon filing the usual bond, then claimed costs against the plaintiffs, and the court ruled that she was entitled to costs after her appearance, to which ruling the plaintiffs excepted; and the question of law thus raised was transferred to the law term.

*George, Foster & Sanborn,* for the claimant.

*Flint,* for the plaintiff.

SARGENT, J.   No person can have a judgment for costs unless he is a party to the suit or proceeding in court; nor can a judgment be rendered against him for costs, unless he is such party. *Little* v. *Bunce*, 7 N. H. 485; *Pike* v. *Pike*, 24 N. H. 396; *Holland* v. *Seaver*, 21 N. H. 386; *Hodgdon* v. *Merrill*, 26 N. H. 16.

But it is not necessary that all, in order to be parties to a suit, should be made so at the commencement of the suit.   They may be cited in and made parties, or may be permitted to come in and become parties by order or leave of court.   See same authorities.

We have statute provisions which provide for persons becoming parties, who were not and, but for the statute, could not become parties to the proceeding.   Thus a person is allowed to appear as claimant of a note in the hands of an alleged trustee, and by his appearance and claim a new issue is raised directly between him and the plaintiff, which may be tried by jury, and the claimant being thus allowed to come in as a party, the record, when made, must recite that fact, and state what issue was raised, and between whom, and in whose favor the verdict of the jury was found.   And the statute also authorizes the court in such case to award such costs between the claimant, the creditor, and trustee, as justice and equity may require.   Rev. Stat., ch. 208, sec. 22; Comp. Laws 530.

We also have a statute provision, where a suit is brought upon a probate bond in the name of the judge of probate, that the party interested shall first have a hearing before the judge of probate, and obtain leave to bring the suit, and shall have his name entered upon the writ as the party interested, before service, &c.; and in such case, his name appearing of record as the party in interest, that execution may be awarded for costs adjudged to the defendants in any such suit, against the parties for whose benefit the suit was brought or maintained, or the defendants may have their remedy upon the bonds taken in the probate office therefor.   Rev. Stat., ch. 169, sec. 16; Comp. Laws 427.

In cases of petitions for the discontinuance of highways, from the nature of the case there can be no defendants at the commencement of the proceedings, but the court order a notice to be given to the public generally, and usually to some one or more of the original petitioners for the road, when practicable, or any other person supposed to be interested in having the road continued, that any person who feels himself interested, or chooses to do so, may come in under that notice and oppose the discontinuance as a party, and by entering his name upon the docket as a party, he may make full defense, and if successful may recover his costs of the plaintiff town, or if unsuccessful, judgment will be entered against him for such costs as he has occasioned by his appearance; and in making up the record, his name will appear as a party to the proceeding.   *Grafton's Petition*, 22 N. H. 216; *Knowles' Petition*, 23 N. H. 193.

And in the last case cited, it was held that a land-owner, who, after notice from the commissioner to do so, had appeared and been heard before them, may also, if he choose, appear as party in court, and oppose the acceptance of the report of such commissioners, and if successful recover costs against the petitioners, and be liable to

pay costs if he do not prevail ; but it is only by entering his name on the docket as a party, and thus becoming a party to the proceedings ; and in that case it is also held that the reason for this is that thereby he becomes a party to the record, and has a right to do so, because the law requires that he shall be notified, and gives him the right to be heard before the commissioners, and of course in court, on the question of accepting or setting aside their report.

So, also, administrators and executors may come in and become parties to the record, and judgments may be entered against them, or in their favor.

We have another class of cases where parties are allowed to appear and make defense in the name of another person, and in similar cases where a plaintiff may bring suits and prosecute them in the names of other persons; but in both cases, the parties prosecuting or defending are required to give security to pay all costs that may be thus made by their prosecuting or defending in that way. But in such cases they do not become parties to the record, even though their names may be entered on the docket, but they have leave to appear to defend, not as parties, but in the name and in the behalf of the parties to the record ; such are subsequent attaching creditors, assignees in bankruptcy, who defend a suit against the bankrupt brought before his bankruptcy, where they defend for the benefit of the bankrupt's creditors (*Holland* v. *Seaver*, before cited), or where a third person has some interest in real estate which is in controversy between others, and where his rights might be concluded by a judgment in the suit. *Pike* v. *Pike, ante.*

In *Holland* v. *Seaver*, the rule is said to be that those who have no privity of interest with the original parties to the suit, can not be parties to the record, so as to have judgment rendered against them for costs, or where they are not parties to the contest between the plaintiff and defendant any further than to protect the interests of third persons ; in all which classes of cases the appearance to defend is permitted by the court as matter of favor, and by its discretion, and not as a matter of right.

In all these cases the defense is made in the name of the defendant of record, and not in the name of the party thus allowed to appear ; and in these cases, if the plaintiff prevail, his only remedy is upon the bond which they are usually required to give on being allowed to appear ; and if the plaintiff does not see that the security is given before the termination of the litigation, the court will not interfere. *Pike* v. *Pike, ante.*

It is evident that the claimant of costs in this case did not appear as a party to the record to contest the claim of the plaintiff against the defendant, but she appeared to protect her own rights, and to prevent the plaintiff's getting a judgment which, she supposed, might affect her unfavorably, by suggesting the defendant's death, and having been allowed to defend in that way, and successfully too, the action was dismissed because there was no party defendant in court.

Where subsequent attaching creditors, or others of this class, defend in the name of the defendant of record successfully, they

are entitled to the execution which is recovered in his name against the plaintiff. *Buckman* v. *Buckman*, 4 N. H. 319.

But in this case, instead of making defense to the plaintiff's claim, the claimant suggested the death of the defendant, and furnished proof of that fact, and for want of any defendant to prosecute, the plaintiff's action was dismissed, and it might be difficult to see how there could be a party defendant in court entitled to a judgment for costs, when there was no party there against whom the suit could be prosecuted to final judgment. This claimant has been allowed to defend in the name of the defendant of record, has made that defense by showing the defendant's death before suit brought, and has thereby precluded herself from claiming any costs in his name, of this plaintiff, and she can have none in her own name, as she was no party to the record.

The exceptions to the ruling are sustained, and the claim of Sarah H. Marsh for costs against the plaintiff is

*Disallowed.*